**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| U.S. BANK TRUST, N.A., as TRUSTEE for VERICREST OPPORTUNITY LOAN TRUST 2011-NPL2,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KALEEM J. RA-HASHIM and FONDA H. RA-HASHIM,<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:   CIVIL ACTION NO.<br>:   1:13-CV-00925-RWS<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **ORDER**

This case comes before the Court on Plaintiff's Motion to Remand [3] and Defendants' Motion for Default [8]. After reviewing the record, the Court enters the following order.

## **Background**

This case arises out of the foreclosure of Defendants' property located at 3272 Wyndham Park Way, Decatur, Georgia, 30034 ("the Property"). (Defs.' Mem. in Resp. to Pl.'s Mot. to Remand ("Defs.' Mem."), Ex. C (Security Deed), Dkt. [4-1] at 8 of 64.) Plaintiff became the owner of the Property by virtue of a foreclosure sale dated August 7, 2012. (Pl.'s Mot. to Remand, Ex. A

(9/26/2012 Dispossessory Warrant), Dkt. [3-1] at 2 of 2.) Defendants have remained in possession of the Property following the foreclosure sale. (Pl.'s Mot. to Remand, Dkt. [3] at 2 of 8.) Plaintiff filed its first dispossessory action in the Magistrate Court of DeKalb County and obtained a dispossessory warrant to gain possession of the Property from Defendants pursuant to O.C.G.A. § 44-7-50 et seq. (Pl's Mot. to Remand, Ex. A (9/26/2012 Dispossessory Warrant), Dkt [3-1] at 2 of 2.) Defendants removed the first dispossessory proceeding to federal court. (Pl.'s Mot. to Remand, Dkt. [3] at 3 of 8.) The first dispossessory proceeding was remanded back to State court. (Id., Dkt. [3] at 4 of 8.)

Plaintiff filed a second dispossessory action in the Magistrate Court of DeKalb County and obtained a second dispossessory warrant. (Defs.' Notice of Removal, Ex. B (2/28/2013 Dispossessory Warrant), Dkt. [1-1] at 2 of 3.) Defendants removed this proceeding to this Court on the basis of federal question jurisdiction, or in the alternative, diversity jurisdiction. (Defs.' Notice of Removal, Dkt. [1] at 2-3 of 9.) Plaintiff now moves to remand this case to the Magistrate Court of DeKalb County, arguing that "Defendants have failed to establish that Plaintiff's complaint alleges a federal cause of action or presents a

2

federal question on its face, and/or have failed to establish diversity jurisdiction." (Pl.'s Mot. to Remand, Dkt. [3] at 1 of 8.)

## Discussion

### I. Plaintiff's Motion to Remand [3]

Plaintiff moves the Court to remand this case to the Magistrate Court of DeKalb County on grounds that removal was improper, arguing that Defendants have not met their burden of establishing federal jurisdiction over this case. "A removing defendant bears the burden of proving proper federal jurisdiction." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008) (internal quotations and citations omitted).

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed by the defendant or the defendants . . . to the district court . . . where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "Federal jurisdiction can be based on either: (1) a federal question or (2) diversity of citizenship and an amount in controversy exceeding

3

$75,000.00." Ayers ex rel. Strugnell v. Beaver, 48 F. Supp. 2d 1335, 1338 (M.D. Fla. 1999).  As stated in the Background section, supra, Defendants contend that removal is proper based both on federal question and diversity of citizenship jurisdiction.

The determination of whether federal question jurisdiction exists is governed by the following principle:

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction only exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint . . . . [This] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar, 482 U.S. at 392 (emphasis added) (internal citation omitted).  For a case to be eligible to be removed to federal court on the basis of diversity jurisdiction, the amount in controversy, exclusive of interest and costs, must exceed $75,000 and the dispute must be between citizens of different States.  28 U.S.C. § 1332(a).

The only claim raised in Plaintiff's complaint is for possession of the Property by way of the most recent dispossessory warrant.  (Defs.' Notice of Removal, Ex. B (2/28/2013 Dispossessory Warrant), Dkt. [1-1].)  As such,

4

Plaintiff's complaint does not allege any federal claim or present any federal question on its face. Defendants argue that federal question jurisdiction exists based on their defenses to Plaintiff's claim. (See generally Defs.' Mem., Dkt. [4].) However, "[federal question] [j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 809 n.6 (1986). Therefore, defenses raised against a claim cannot form the basis for federal question jurisdiction. See Pan Am. Petrol. Corp. v. Super. Ct. of Del., 366 U.S. 656, 663 (1961) ("[T]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. For this requirement it is no substitute that the defendant . . . raise[s] a federal defense."). Accordingly, the Court agrees with Plaintiff that the Court lacks federal question jurisdiction. Removal, therefore, was not proper on this basis.

The Court further agrees with Plaintiff that diversity jurisdiction does not exist and therefore cannot support removal in this case. The diversity statute, 28 U.S.C. § 1332(a), provides for federal jurisdiction over cases concerning an amount in controversy exceeding $75,000 between parties who are citizens of different states. Even if these requirements are satisfied,

5

however, if a defendant is a citizen of the forum state in which the proceeding has been brought, the case may not be removed to federal court on the basis of diversity jurisdiction.  See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." (emphasis added)).

The current dispossessory proceedings were brought in the Magistrate Court of DeKalb County, Georgia, and Defendants acknowledge they are citizens of Georgia.  (Defs.' Notice of Removal, Ex. B (2/28/2013 Dispossessory Warrant), Dkt. [1-1] at 2 of 3; Defs.' Mem., Dkt. [4] at 5 of 7.) Therefore, even if the requirements for diversity jurisdiction are satisfied, removal is not proper on the basis of diversity given that Defendants are citizens of the state in which this action was brought.  28 U.S.C. § 1441(b)(2).

6

AO 72A
(Rev.8/82)

In sum, the Court finds that removal of this case was not proper and that Plaintiff's Motion to Remand [3] is due to be **GRANTED**.

## II. Defendants' Motion for Default [8]

Defendants move for a default judgement against Plaintiff based on Plaintiff's "failure to serve any paper on Defendants or file any paper as required by law," further stating that "53 days [have] elapsed since the defendants REQUEST FOR PRODUCTION OF DOCUMENT." (Defs.' Mot. for Default, Dkt. [8] at 1 of 2 (emphasis in original).) A party's alleged failure to produce documents, however, is not proper grounds for issuance of a default judgment. Moreover, the Court notes that discovery in this case was stayed pending the Court's resolution of Plaintiff's Motion to Remand. (Order, Dkt. [7].) Plaintiff, therefore, was under no obligation to produce documents to Defendants while their Motion to Remand remained unresolved. For these reasons, Defendants' Motion for Default [8] is **DENIED**.

## Conclusion

In accordance with the foregoing, Plaintiff U.S. Bank Trust, N.A., as Trustee for Vericrest Opportunity Loan Trust 2011-NPL2's Motion to Remand [3] is **GRANTED** and Defendants Kaleem J. Ra-Hashim and Fonda H. Ra-

7

Hashim's Motion for Default [8] is **DENIED**.  The Clerk is directed to remand the case to the Magistrate Court of DeKalb County.

    **SO ORDERED**, this   28th   day of June, 2013.

                                           **RICHARD W. STORY**
                                           United States District Judge

AO 72A
(Rev.8/82)